1  THE COOK LAW FIRM, P.C.
   Philip E. Cook (State Bar No. 149067)
2      pcook@cooklawfirm.la
   707 Wilshire Boulevard, Suite 3600
3  Los Angeles, CA 90017
   Telephone: (213) 988-6100
4  Facsimile: (213) 988-6099

5  AESTHETIC LEGAL, A.P.L.C.
   Matthew Swanlund (State Bar No. 204542)
6      matthew@aestheticlegal.com
   12777 W Jefferson Blvd
7  Building D, Suite 300
   Los Angeles, CA 90066
8  Telephone: (310) 486-6958
   Facsimile:  (310) 943-1696
9
   Attorneys for Plaintiff
10 TIM OKAMURA

11

12                      UNITED STATES DISTRICT COURT

13                     CENTRAL DISTRICT OF CALIFORNIA

14                             WESTERN DIVISION

15 | TIM OKAMURA,                          | Case No.
16 |         Plaintiff,                    | **COMPLAINT FOR**
17 |      vs.                              | **(1) COPYRIGHT INFRINGEMENT;**
18 | GEARLAUNCH, INC.; THATCHER
   | CLAFLIN SPRING; TEE ECO;              | **(2) VIOLATION OF THE VISUAL ARTISTS RIGHTS ACT OF 1990 ("VARA"); AND**
19 | BARRETT SUMMERLIN; and DOES 1
   | through 25, inclusive,
20 |                                       | **(3) UNFAIR COMPETITION**
   |         Defendants.
21 |                                       | **JURY DEMAND**

22

23

24

25

26

27

28
                    **COMPLAINT FOR COPYRIGHT INFRINGMENT**

Plaintiff Tim Okamura, for his complaint against Defendants Gearlaunch, Inc., Thatcher Claflin Spring, Tee Eco, and Barrett Summerlin, avers and alleges as follows:

## INTRODUCTION

1. Mr. Okamura is a professional fine art painter who in 2016 created an original oil on canvas portrait entitled "*Rosie 1*." Mr. Okamura has invested in the value of the *Rosie 1* artwork copyright, filing a federal copyright registration for *Rosie 1* in 2017.

2. Defendants GearLaunch, Inc., Tee Eco, Thatcher Claflin Spring, and Barrett Summerlin (collectively, "Defendants") operate an e-commerce website that serves as "a one-stop shop" for businesses looking to design and sell unlicensed, unauthorized *Rosie 1* posters and prints, and apparel and retail merchandise bearing the *Rosie 1* artwork. GearLaunch offers an online storefront, provides logistical and marketing support, helps source and print designs on apparel and other merchandise, fulfills online orders, prints the artwork as posters and prints, prints designs onto apparel and other retail merchandise, packages and ships orders to consumers, and processes retail transactions for buyers. In short, GearLaunch knowingly provides a ready-made platform for widespread copyright infringement and counterfeiting, and its infringing and counterfeit products have been offered or are offered for sale on dozens of websites owned or controlled by, or affiliated with, GearLaunch.

3. Without any express or implied permission, consent or license from Mr. Okamura, Defendants have displayed and distributed images of the *Rosie 1* artwork from websites owned and controlled by Defendants; used and have knowingly facilitated use by third parties of reproductions and derivative works of Mr. Okamura's *Rosie 1* artwork in the display, distribution and sale of infringing posters, prints, apparel and retail merchandise. And despite being placed on express notice of Mr. Okamura's copyrights and Mr. Okamura's objections to Defendants' actions that are the subject of this Complaint, Defendants nonetheless continued to

display, distribute, promote, create and sell posters, prints, apparel and retail merchandise products that display Mr. Okamura's *Rosie 1* artwork.

## PARTIES

4. Plaintiff Tim Okamura ("Mr. Okamura") is an individual residing in New York, New York.

5. Upon information and belief, Defendant Gearlaunch, Inc. ("Gearlaunch") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 234 Front St, 3rd Floor, San Francisco, California 94111.

6. Defendant Gearlaunch owns, controls and operates a platform for e-commerce, providing to various companies (like Defendant Tee Eco) a custom storefront, payment processing, on-demand printing, fulfillment and customer service. Upon information and belief, Defendant Gearlaunch is qualified to do business, and is doing business, in this District.

7. Upon information and belief, Defendant Tee Eco ("Tee Eco") is a business entity of unknown origin and/or organizational structure (if any), which operates using the fictitious business name Tee Eco in order to provide the appearance of an independent business. On information and believe, however, Gearlaunch owns, operates and/or controls the business operations of Tee Eco. Upon information and belief, Defendant Tee Eco is qualified to do business, and is doing business, in this District.

8. Upon information and belief, Defendant Thatcher Claflin Spring ("Spring") is an individual who at all times relevant to this complaint has resided, in San Francisco, California. Defendant Spring is the founder and Chief Executive Officer of Gearlaunch.

9. Upon information and belief, Defendant Barrett Summerlin "Summerlin") is an individual who at all times relevant to this complaint has resided, in San Francisco, California. Defendant Summerlin is the Chief of Staff

1  and Vice President Customer Operations at Gearlaunch, and is the company's
2  Designated Agent to Receive Notification of Claimed Infringement.
3      10.   Plaintiff is unaware of the true names and capacities, whether
4  individual, corporate, associate, or otherwise, of Defendants sued herein as Does 1
5  through 25, inclusive, and therefore sue said Defendants by such fictitious names.
6  Plaintiffs will seek leave of the Court to amend this Complaint to allege the true
7  names and capacities of said fictitiously named Defendants when the same have
8  been ascertained.
9      11.   At all times herein mentioned, each Defendant named herein was and
10 is the duly authorized agent, employee, servant, partner and/or joint venturer of the
11 other Co-Defendants, acting within the course and scope of said relationship.
12 Further, when acting as a principal, each Defendant approved, consented to, and
13 ratified the acts and conduct of his, her or its Co-Defendants.

## JURISDICTION AND VENUE

15      12.   This is a civil action seeking injunctive relief and damages for
16 copyright infringement under the Copyright Act of the United States, 17 U.S.C.
17 §§ 101, *et seq.*, as well as other federal, state and common law claims related to
18 such infringement.
19      13.   This Court has subject matter jurisdiction over this copyright
20 infringement action pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1367. Specifically,
21 this Court has federal question jurisdiction in this matter, in that Plaintiff seeks
22 injunctive relief and damages against the Defendant under, among other federal
23 statutes, Sections 501, 502, 503, 504, and 505 of the Copyright Act of 1976 (17
24 U.S.C. §§ 501-505, inclusive).
25      14.   Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c),
26 and/or § 1400(a), as a substantial part of the events and omissions giving rise to the
27 claims herein occurred in this District, and Defendants are subject to personal
28 jurisdiction in this District.

15. Upon information and belief, Defendants regularly conduct business in this market, including the sale of products that infringe Plaintiff's copyrights.

16. Moreover, upon information and belief, Defendants intentionally engaged in the wrongful conduct set forth below in this District. Plaintiff's claims set forth herein arise out of Defendant's forum-related activities, and the exercise of jurisdiction in this District would be reasonable.

## GENERAL ALLEGATIONS

### I. MR. OKAMURA IS A GLOBALLY RECOGNIZED, AWARD-WINNING ARTIST.

17. Mr. Okamura earned a B.F.A. with Distinction at the Alberta College of Art and Design in Calgary, Canada, and an M.F.A. in Illustration as Visual Journalism from the School of Visual Arts in New York. Mr. Okamura is a recipient of the 2004 Fellowship in Painting from the New York Foundation for the Arts.

18. Mr. Okamura has exhibited extensively in galleries throughout the world, including the U.S., Canada, Italy, Japan, Ecuador and Turkey, and has been selected nine (9) times to appear in the prestigious BP Portrait Award Exhibition at the National Portrait Gallery in London, England. In 2006, Mr. Okamura was short-listed by the Royal Surveyor of the Queen's Picture Collection for a commissioned portrait of the Queen of England.

19. In 2013, the University of North Carolina hosted a retrospective exhibition of Mr. Okamura's work.

20. In 2015, Mr. Okamura received a letter of commendation from the Vice President of the United States, Joe Biden.

21. Mr. Okamura was honored in 2016 to have a piece hanging in the Smithsonian National Portrait Gallery in Washington, D.C.

22. Mr. Okamura's artwork is on display in the permanent collections of the Davis Museum at Wellesley College, The Alberta Foundation for the Arts, the

Toronto Congress Center, the Hotel Arts in Calgary, Canada, and Standard Chartered Bank in London, England. Celebrity collectors include Uma Thurman, musicians John Mellencamp, Ahmir "Questlove" Thompson (The Roots), director Ben Younger, as well as actors Bryan Greenberg, Vanessa Marcil, Annabella Sciorra, and Ethan Hawke.

23. One of Mr. Okamura's most popular works is titled "*Rosie 1,*" depicted below:



24. Mr. Okamura owns all right, title, and interest in and to the copyrights in *Rosie 1*, which is the subject of valid copyright registration filed April 26, 2017 with the Register of Copyright, U.S. Copyright Office, Registration No. VA 2-071-

5

156. A true and correct copy of this copyright registration is attached to this Complaint as Exhibit A.

25. Over the past year, Mr. Okamura has been repeatedly notified by collectors, followers and admirers of his artwork of the existence of unauthorized posters, apparel and merchandise bearing his *Rosie 1* artwork for sale through third party websites, advertised on Facebook pages, and used as marketing merchandise in foreign countries. Mr. Okamura has since been actively and repeatedly successful in removing his *Rosie 1* artwork from such unauthorized sites, and recovering damages from such infringing parties.

## II. DEFENDANTS' UNLAWFUL INFRINGEMENT OF MR. OKAMURA'S COPYRIGHT

25. In or around March 2018, it came to Mr. Okamura's attention that Defendants and/or their agents were displaying, distributing and offering various items for sale with the image of *Rosie 1* reproduced on those items.

26. Defendant Gearlaunch provides a custom storefront, payment processing, on-demand printing, fulfillment and customer service for, among others, Defendant Tee Eco. Essentially, Tee Eco signs up for the Gearlaunch service, uploads artwork, and Gearlaunch does the rest. Gearlaunch operates an e-commerce website that serves as "a one-stop shop" for businesses looking to design and sell unlicensed, unauthorized apparel and merchandise. GearLaunch offers an online storefront for its users, provides logistical and marketing support, helps source and print designs on apparel and other merchandise, fulfills online orders, prints the artwork onto apparel and other retail merchandise, packages and ships orders to consumers, and processes retail transactions for buyers. In short, GearLaunch knowingly provides a ready-made platform for widespread copyright infringement and counterfeiting, and its infringing and counterfeit products have been offered or are offered for sale on dozens of websites owned or controlled by, or affiliated with, GearLaunch.

27. Tee Eco somehow obtained access without permission to Mr. Okamura's *Rosie 1* artwork and uploaded it to the Gearlaunch platform, where *Rosie 1* is displayed and distributed by Gearlaunch. Further infringement includes the unauthorized reproduction and creation of derivative works through items Defendants describe as: Vertical Poster, Hanes Tagless Tee, Hanes Women's Nano T, Gildan 8oz. Heavy Blend Hoodie, Hanes Unisex Crewneck Sweatshirt, Hanes 6.1oz Long Sleeve, Mug, Hanes Women's Nano-T V- Neck, Bella Women's Flowy Tank, Bella Women's Fitted Tank, Bella Ladies' Slouchy Tee, Bella Wide Neck Sweatshirt, Hanes Cool Dri Tee, Hanes Women's Cool Dri Tee, Gildan Kids Tee, Gildan Kids Hoodie, Hanes Kids Crewneck Sweatshirt, Rabbit Skins Baby Onesie, iPhone Case, Samsung Galaxy Case, Next Level Womens Crew, Bella Women's Fitted V-Neck, Beer Stein, Travel Mug, Water Bottle, Tumbler, Pillow, Pillow Case, Tote Bag, and Hat (collectively, the "Infringing Works") (as seen at https://teee.co/blabe-sgnt--01?s=poster-24x36-vertical&c=Black&p=FRONT, accessed May 29, 2018):

28. Examples of Infringing Works (as seen at https://teee.co/blabe-sgnt--01?s=poster-24x36-vertical&c=Black&p=FRONT, accessed May 29, 2018) are depicted below:



29. Defendants do not have any license, authorization, permission or consent to reproduce, display, distribute, publicly perform or create derivative works using *Rosie 1*.

30. Upon information and belief, Defendants have realized substantial profits through their unauthorized copying and use of *Rosie 1* on the Infringing Works.

31. On or about March 16, 2018, Mr. Okamura caused to be sent to Defendants Gearlaunch and Tee Eco notice of their infringement, a true copy of which is attached to this Complaint as Exhibit B.

32. Despite this notice, Defendants have not taken any steps to cease or remediate their copyright infringement, and have continued to display, distribute,

1 and reproduce without Mr. Okamura's consent *Rosie 1* on posters, prints, apparel
2 and merchandise sold to the general public.

3   33.   Defendant's acts have caused, and will continue to cause, irreparable
4 harm and injury to Mr. Okamura for which he has no adequate remedy at law. Upon
5 information and belief, absent an injunction, Defendants will continue to display,
6 distribute, and reproduce *Rosie 1* on the Infringing Works without abatement.

7   34.   Moreover, Defendant's extensive reproduction of *Rosie 1* on the
8 Infringing Works has decreased the value and uniqueness of Mr. Okamura's
9 *Rosie 1*, and deprived Mr. Okamura of his exclusive right to control the exploitation
10 of his copyright in *Rosie 1*. As a result, Defendant's continued reproduction of
11 *Rosie 1* on the Infringing Works has damaged and will continue to damage
12 Mr. Okamura's reputation and goodwill.

13   35.   Accordingly, Defendant should be enjoined and restrained from any
14 further or continued reproduction or other commercial use of *Rosie 1*, including the
15 Infringing Works, together with any other derivative work based upon
16 Mr. Okamura's *Rosie 1*.

**FIRST CLAIM FOR RELIEF**
**(Copyright Infringement)**

19   36.   Plaintiff realleges and incorporates herein by reference each and every
20 allegation set forth above as though set forth fully herein.

21   37.   Plaintiff has complied in all respects with the copyright laws of the
22 United States, 17 U.S.C. §§ 101, *et seq.*, and has secured exclusive copyrights in
23 and to *Rosie 1*.

24   38.   Defendants have infringed Plaintiff's exclusive copyrights in *Rosie 1*
25 through their unauthorized copying, reproduction, and creation of, as well as the
26 depiction of, Infringing Works in violation of Sections 106 and 501 of the
27 Copyright Act, 17 U.S.C. §§ 106 and 501.

28

39. Upon information and belief, Defendant's infringement was willful, intentional and purposeful, in disregard of and with indifference to Plaintiff's rights.

40. Defendant's infringing acts have directly and proximately caused, and will continue to cause, irreparable harm to Plaintiff unless restrained by this Court. Plaintiff has no adequate remedy at law. Plaintiff therefore is entitled to an order enjoining and restraining Defendants during the pendency of this action and permanently thereafter, pursuant to 17 U.S.C. § 502, from further and continuing acts of infringement.

41. Plaintiff is also entitled to recover damages and monetary recovery in an amount to be proven at trial.

42. Plaintiff is also entitled to Defendants' profits attributable to their infringement, pursuant to 17 U.S.C. § 504(b), including an accounting of and a constructive trust upon such profits.

43. Plaintiff is also entitled to his attorneys' fees and full costs incurred in connection with this action, pursuant to 17 U.S.C. § 505 and otherwise, according to law.

**SECOND CLAIM FOR RELIEF**
**(Violation of the Visual Artists Rights Act of 1990)**

44. Plaintiff realleges and incorporates herein by reference each and every allegation set forth above as though set forth fully herein.

45. The Visual Artists Rights Act of 1990 ("VARA"), 17 U.S.C. § 106A, affords authors of certain works of art (i.e., paintings, drawings, prints, sculptures, or still photographic images produced for exhibition only, and existing in single copies or in limited editions of 200 or fewer copies, signed and numbered by the artist) additional rights in the works, regardless of any subsequent physical ownership of the work itself, or regardless of who holds the copyright to the work.

46. Defendants have violated the VARA by distorting or modifying *Rosie 1* in creating the Infringing Works. Among other things, Defendants cropped

the *Rosie 1* artwork to remove Plaintiff's signature, or distorted/blurred his signature, from the bottom of the *Rosie 1* posters, prints, apparel and retail merchandise and other Infringing Works.

47. Defendants' violation of VARA is prejudicial to Plaintiff's honor and reputation and has caused, and will continue to cause, irreparable harm to Plaintiff unless restrained by this Court. Plaintiff is therefore entitled to an order enjoining and restraining Defendants during the pendency of this action and permanently thereafter, from further and continuing violations of VARA.

48. Plaintiff is entitled to recover damages and monetary recovery in an amount to be proven at trial.

49. Plaintiff is further entitled to his attorneys' fees and costs incurred in this action pursuant to 17 U.S.C. § 505.

### THIRD CLAIM FOR RELIEF
### (Unfair Competition)

50. Plaintiff realleges and incorporates herein by reference each and every allegation set forth above as though set forth fully herein.

51. Defendants' unauthorized copying, reproduction, and creation of, as well as the depiction of, Infringing Works constitutes false designations of origin and/or false and misleading representations that are likely to cause confusion, mistake, and/or to deceive the purchasing public and others as to the origin of the Infringing Works, whereby consumers and others would be led to believe, incorrectly, that Defendants are affiliated with, related to, endorsed by, sponsored by, or connected with Plaintiff.

52. Such acts of Defendants constitute the use of false designations of origin, false descriptions and representations, and unfair competition in violation of common law proscriptions against unfair competition.

53. Defendants' acts have directly and proximately caused, and will continue to cause, irreparable harm to Plaintiff unless restrained by this Court.

Plaintiff has no adequate remedy at law. Plaintiff therefore is entitled to an order enjoining and restraining Defendants during the pendency of this action and permanently thereafter from further and continuing unfair competition.

54. As a direct and proximate result of Defendants' acts of unfair competition, Plaintiff has suffered and will continue to suffer damages, and Defendants have been unjustly enriched.

55. Upon information and belief, Defendants' conduct in this claim for relief is willful, wanton, malicious, oppressive, and in conscious disregard of Plaintiff's rights, justifying the imposition of punitive and exemplary damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Tim Okamura prays for relief against Defendants as follows:

1. Granting to Plaintiff preliminary and permanent injunctive relief, enjoining Defendants and each of their respective agents, servants, employees, officers, successors, licensees and assigns, and all persons acting in concert or participation with each or any of them, from further and continuing infringement of Plaintiff's copyrights, including any further reproduction or commercial use of the Infringing Works, or any other derivative work based upon *Rosie 1*;

2. Awarding Plaintiff damages and monetary relief in such amount as may be found, or as otherwise permitted by law, including without limitation his actual damages or, in the alternative, in Plaintiff's discretion and should he so elect, statutory damages;

3. Directing an accounting of, and the imposition of a constructive trust in favor of Plaintiff upon, all profits obtained by Defendants from their unauthorized reproduction or commercial use of *Rosie 1* in connection with the Infringing Works, including without limitation all profits obtained by Defendants through the sale of any Infringing Works or other advertisements, promotions or associations with products depicting *Rosie 1*;

4. For punitive and exemplary damages, as allowable by law;

5. For prejudgment interest on all damages and monetary relief awarded by this Court;

6. For attorneys' fees and costs of suit incurred herein; and

7. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated: June 6, 2018            THE COOK LAW FIRM, P.C.

By: _____
    Philip E. Cook

AESTHETIC LEGAL, A.P.L.C.

By: _____
    Matthew Swanlund

Attorneys for Plaintiff
TIM OKAMURA